**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KEYTEL MANUEL OCHOA PUPO,

Petitioner,

v. No. 1:26-cv-02324-DHU-DLM

MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement; MARY DE ANDA YBARRA, in her official capacity as Field Office Director of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations for the El Paso Field Office; and JEFFREY FIKES, in his official capacity as Warden of Cibola County Correctional Center,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on Petitioner Keytel Manuel Ochoa Pupo's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Cuba who entered the United States between ports of entry in December 2023. *Id.* ¶¶ 17, 21. Petitioner subsequently turned herself in to immigration authorities. *Id.* ¶ 21. She was detained by United States Customs and Border Protection ("CBP") for about three days. *Id.* ¶ 22. Petitioner was subsequently issued a Notice to Appear, which charges her as a noncitizen "present in the United States who has not been admitted or paroled." *Id.* ¶ 23; Doc. 1-2 at 2. She was released on her own recognizance on or about December 16, 2023. Doc. 1 ¶ 23; Doc. 1-3 at 2.

Following her release, Petitioner established a life in the United States. She moved to Phoenix, Arizona, where she lived with her uncle. Doc. 1 ¶ 25. She applied for adjustment of status under the Cuban Adjustment Act. *Id.* ¶ 26. She also affirmatively applied for asylum. *Id.* She was subsequently issued an Employment Authorization Document ("EAD"), better known as a work permit, and a Social Security Number. *Id.*

In March 2026, Petitioner was detained by New Mexico State Police on Highway I-40 near Santa Rosa, New Mexico, following a vehicle stop. *Id.* ¶¶ 31, 35. Petitioner remained in police custody on misdemeanor charges of Reckless Driving and Driving Under the Influence of Drugs. *Id.* ¶¶ 35-36. Respondents argue that Petitioner admitted to smoking methamphetamine prior to her arrest; Petitioner argues that she tested negative for alcohol and drugs. Doc. 5 at 2; Doc. 1 ¶ 34. On March 19, 2026, Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody; her charges were dismissed *nolle prosequi* due to her transfer to ICE custody. Doc. 1 ¶¶ 39-40; Doc. 1-6 at 2. It does not appear that Petitioner was provided with a pre-deprivation hearing. *See generally* Docs. 1, 5. Petitioner was originally held at the Torrance County Detention Facility in Estancia, New Mexico, and subsequently transferred to the Cibola County Correctional Center in Milan, New Mexico. Doc. 1 ¶ 41. While detained, Petitioner once again applied for asylum. *Id.* ¶ 42.

On June 17, 2026, an Immigration Judge ("IJ") entered an Order of Removal in Petitioner's proceedings. *Id.* ¶ 43; Doc. 5-5. On July 15, 2026, Petitioner appealed the IJ's Order to the Board of Immigration Appeals ("BIA"); the Order is, therefore, not final. Doc. 1 ¶ 44; Doc. 5-6 at 2; *see also* 8 C.F.R. § 1241.1 ("An [O]rder of [R]emoval by the [IJ] at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

Petitioner subsequently filed the instant Petition, arguing that her re-detention without procedural process violates the Due Process Clause of the Fifth Amendment. Doc. 1 ¶¶ 87-92.[1] Petitioner specifically argues that she developed a protected liberty interest after being released and living in the United States for more than two (2) years. *Id.* ¶ 89. Petitioner further argues that Respondents failed to provide her with a pre-deprivation hearing, or even a post-deprivation hearing. *Id.* ¶ 90. Petitioner requests a Writ of Habeas Corpus ordering Respondents to immediately release Petitioner on her own recognizance, or, alternatively, subject to reasonable conditions. *Id.* at 22. Petitioner also requests that Respondents return her identity and travel documents in their possession to her, and attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.* at 22-23.

Respondents do not address Petitioner's argument that her re-detention without procedural process violated the Due Process Clause. Respondents, instead, address whether Petitioner's detention is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226(a), conceding that Petitioner's detention is governed by Section 1226(a). Doc. 5 at 2-3. Respondents further submit that, consistent with *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Petitioner is entitled to a bond hearing. *Id.* at 3. Respondents further submit that a bond hearing is appropriate in this case, but oppose that the burden be shifted to the Government at any such hearing. *Id.* at 3-4.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12

---

[1] Petitioner also argues that Respondents have violated the substantive component of the Due Process Clause, the Fourth Amendment, 8 U.S.C. § 1226(b), 8 U.S.C. § 1357(a)(2), and the *Accardi* Doctrine. *Id.* ¶¶ 79-86, 93-111. However, because the Court is granting Petitioner's Petition on her procedural due process claim, the Court "declines to address the[se] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

(D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in December 2023, was detained within the United States, and was subsequently released on her own recognizance for over two (2) years, developed a protected liberty interest in her release. She was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide her with a pre-deprivation hearing violated her procedural due process rights. The Court will, therefore, order her immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process alone requires Petitioner's release, it is not necessary for the Court to decide whether Petitioner's detention is governed by Section 1225 or Section 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit

Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th at 1237. The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2023, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained over two (2) years later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Respondents immediately release Petitioner, specifically no later than **forty-eight (48) hours** of the entry of this Order, and subject her to the same terms as her original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide her with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that she is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED THAT** Respondents submit a status report no later than **three (3) days** from this Order confirming Petitioner's release.

**IT IS FURTHER ORDERED** that Respondents shall promptly return Petitioner's property in their custody to her, specifically no later than thirty (30) days.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

Finally, because the Court is adjudicating Petitioner's Petition for Writ of Habeas Corpus and granting her relief in this Order, Petitioner's Motion Expedite (Doc. 8) and Motion for Leave to Conduct Expedited Limited Discovery (Doc. 9) are **DENIED AS MOOT**.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE